UNITED STATES DISTRCIT COURT
SOUTHERN DISTRCIT OF TEXAS
HOUSTON DIVISION

**ENI GHANA EXPLORATION AND**
**PRODUCTION LTD, et al.,**

    Petitioners,

VS.

**GAFFNEY CLINE & ASSOCIATES, INC.,**
et al.,

    Respondents.

**MISCELLANEOUS ACTION**
**NO: 4:22-MC-01285**

### RESPONDENTS GAFFNEY CLINE & ASSOCIATES AND BAKER HUGHES COMPANY'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO COMPEL DISCOVERY

Respondents Gaffney Cline & Associates ("Gaffney Cline") and Baker Hughes Company ("Baker Hughes") (collectively "Respondents") submit their Response in Opposition to Petitioners' Motion to Compel Discovery for use in Foreign Proceedings Under 28 U.S.C. § 1782. [24]. For the following reasons, the Court should deny Petitioners' Motion to Compel.

**I.**  **Background**

On August 8, 2022, this Court granted Petitioners Eni Ghana Exploration and Production Limited and Vitol Upstream Ghana Limited's (collectively "Petitioners") *Ex Parte* Application under 28 U.S.C. § 1782 to obtain evidence for use in two judicial proceedings currently pending before the courts in Ghana. *See* Court Order [19]. The Court's Order only permitted Petitioners to serve document production subpoenas on Respondents. *Id*. The subpoenas sought production of a Competent Person's Report authorized by Gaffney Cline ("Gaffney Cline Report") and associated documentation, including the underlying data, instructions, and communications pertaining to the Gaffney Cline Report. *Id*. Specifically, the subpoenas requested production of *thirteen* categories

1

of documents, including *several* sub-categories of information, which imposes a significant and burdensome time and expense upon Respondents to identify, collect, review, and produce the requested documents. *See* Respondents' Objections to Petitioners' Subpoena to Produce Documents [25-5] at 2–7.

After an unopposed extension of time to respond to the subpoenas, Respondents served Petitioners with their Objections to Petitioners' Subpoena to Produce Documents on September 6, 2022. *See* Email from Caroline Upchurch to Scott Cunningham [25-1]; Email from Scott Cunningham to Caroline Upchurch [25-2]; *See* [25-5] at 1.

Respondents objected to the subpoenas because Petitioners could have obtained the requested documents from Springfield or other parties to the pending proceedings in Ghana in which Petitioners are parties, but Petitioners failed to do so. [25-5] at 2. Additionally, Respondents objected to the subpoenas on the basis that "most, if not all, of the documents sought in the subpoena are subject to a Confidentiality Agreement between Springfield [Exploration and Production Limited ("Springfield")] and Gaffney Cline."  [25-1] at 1. The Confidentiality Agreement was signed by both Springfield and Gaffney Cline.

> The Confidentiality Agreement defines "confidential information" broadly to include:
>
> corporate and/or financial information concerning the Disclosing Party and the Disclosing Party's Affiliated Companies and any and all data and information relating to the Contract Area, including, without limitation, well and seismic data [and] any other data and information obtained by or on behalf of the Disclosing Party's petroleum operations in the Contract area, as well as any other geological and geophysical data, technical, financial and economic reports, maps, images studies, models and interpretations, analysis, notes, summaries, commercial, legal, contractual and financial information prepared by or on behalf of the Disclosing Party in connection with its petroleum operations in the Contract Area.

Confidentiality Agreement [22-1] at 4. Additionally, Springfield and Gaffney Cline agreed that this "[c]onfidential information shall be held and treated strictly in confidence and shall not be disclosed, licensed, traded, published or otherwise revealed in any manner whatsoever. . . ." *Id.*

In its objections, Respondents explained that it could not produce the requested documents to a third party without permission from Springfield or a court order. [25-5] at 1. In an effort to reach a mutually agreeable resolution without the Court's involvement, Respondents sought, and received, permission from Springfield to produce some of the requested documents. As acknowledged by Petitioners, Respondents have already produced the following documents in response to the subpoena: (1) the Gaffney Cline Report from 2020; a presentation prepared by Gaffney Cline in 2021; (3) the 2019 version of the Gaffney Cline Report; (4) the engagement letters between Springfield and Gaffney Cline regarding the Gaffney Cline Reports from 2019 and 2020; and (5) 10 gigabytes of underlying data related to the Gaffney Cline Report. *See* Petitioners' Mot. to Compel [24] at ¶¶ 9, 10, 15, 16.

At that point, Respondents were unable to get permission from Springfield to produce any further documents. In fact, as Petitioners noted in their motion, Springfield specifically notified Respondents that it did not agree or consent to any further documents being produced without its permission, and it would commence legal action against Respondents if they disclosed the confidential information. *See* [25-9] at 1.

On November 1, 2022, Springfield filed a Motion to Intervene and Quash, arguing that the requested documents in Petitioners' subpoenas are covered by the Confidentiality Agreement, and requesting that the Court quash the subpoenas and order Respondents not to disclose the requested information. *See* Springfield Mot. to Intervene and Quash [22] at 1, 7. On November 10, 2022,

Petitioners filed their Motion to Compel, requesting that the Court direct Respondents to comply with the subpoenas. [24] at 22.

## II.     Law and Argument

Rule 26 of the Federal Rules of Civil Procedure sets forth the scope of discovery. The Rule allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." *See*. Fed. R. Civ. P. 26(b)(1). A party may move to compel production of materials that are within the scope of discovery and have been requested but not received. *See* Fed. R. Civ. P. 37(a). The Court, however, "must limit discovery if it is unreasonably duplicative, can be obtained through less burdensome means, or is beyond the scope permitted by Rule 26(b)(1)." *Mir v. L-3 Comms. Integrated, Sys.*, L.P., 319 F.R.D. 220, 226 (N.D. Tex. 2016); *see also Crosby La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (explaining the standard for the district court's limitation of discovery and that Rule 26(b) is not "a license to engage in an unwieldy, burdensome, and speculative fishing expedition.").

Respondents have attempted to resolve this issue and comply with Petitioners' subpoenas without the Court's intervention. Respondents have repeatedly corresponded with Petitioners to explain that the requested documents are covered by the Confidentiality Agreement. *See* [25-4] at 2; [25-3] at 1. In an effort to find a mutually acceptable resolution, Respondents have worked with both sides and have already produced several categories of subpoenaed information. But now Respondents cannot produce the remaining requested information because it is subject to the Confidentiality Agreement between Springfield and Gaffney Cline, and Springfield indicated it will pursue legal action against Respondents if they produce any additional documents. Therefore, the Court should deny Petitioners' Motion to Compel because the remaining documents are confidential, the Court has not yet ordered Respondents to produce the remaining documents

subject to the Confidentiality Agreement, and Petitioners have failed to seek the requested information in separate Ghanian proceedings despite having the opportunity to do so.

### a. The remaining information Petitioners seek is not subject to disclosure under the Confidentiality Agreement.

The Court should deny Petitioners' Motion to Compel because the remaining documents and information Petitioners seek are subject to the Confidentiality Agreement between Springfield and Gaffney Cline. As Petitioners have acknowledged, Respondents have already produced a voluminous amount of subpoenaed information to Petitioners. The remaining information, however, cannot be produced because it is subject to a strict confidentiality provision contained in the Confidentiality Agreement, which was executed by both Springfield and Gaffney Cline. [22-1]. The remaining information that has not been produced includes: (1) processed seismic data; (2) draft reports by Gaffney Cline; (3) email communications between Springfield and Gaffney Cline about the reports; and (4) email communications between Springfield, Gaffney Cline, and the Government of the Republic of Ghana about the reports. [24] ¶ 16.

To reiterate, the Confidentiality Agreement broadly defines confidential information as "all data and information relating to the Contract Area, including, without limitation, well and seismic data [and] any other data and information" related to the petroleum operations and "any other geological and geophysical data, technical, financial and economic reports, maps, images studies, models and interpretations, analysis, notes, summaries, commercial, legal, contractual and financial information prepared by or on behalf of" Springfield. [22-1] at 4.

Based on this, the remaining requested documents fall within the various enumerated categories that are deemed confidential information and thus, are protected by the Confidential Agreement. *See* Springfield's Resp. to Mot. to Compel [28] at 7–11.

5

### b. The Court has not yet ordered Respondents to produce the remaining documents subject to the Confidentiality Agreement.

The Confidentiality Agreement permits disclosure pursuant to a court order. [22-1] As set forth in Springfield's Motion in Intervene and Quash, this Court's Order [19] granting the § 1782 application *only* permitted Petitioners to serve the subpoenas on Respondents. *See* [22] at 9. In fact, the Court noted that there would be an opportunity to litigate "subsequent issues via motions to quash." [19] at 5 n. 1. Springfield has asserted that this Court's Order is not an order allowing disclosure pursuant to the Confidentiality Agreement. Accordingly, the Court has not ordered Respondents to produce the remaining documents protected by the Confidentiality Agreement, and Respondents are unable to produce any additional documents until the Court rules on Springfield's Motion to Intervene and Quash.

### c. Petitioners can seek the requested information from the parties in the Ghanian proceedings.

Separate from the underlying action in which Petitioners seek the requested documents, Springfield instituted proceedings before the Ghanian High Court, in which Petitioners are defendants. Yet, Petitioners have not sought to acquire the information it seeks from Springfield in those proceedings, even though that option has been available to them. Additionally, Petitioners are also a party to an arbitration proceeding in Ghana against the Ghanian Government. Again, Petitioners could have also requested the information from the Ghanaian Government but have failed to do so.

Rule 45 requires that a party issuing a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1). Springfield has acknowledged in both its Motion to Intervene and Quash and Response to Petitioners' Motion to Compel that the remaining documentation sought in the subpoenas are in

the possession of and could be sought from either Springfield or Ghana. *See* [22] at 1–2, 11; Springfield's Resp. to Mot. to Compel [28] at 6–7, 12–14. Thus, Petitioners have had ample opportunity to obtain the requested information from parties to the proceedings without burdening third-parties subject to a Confidentiality Agreement but have failed to do so. Accordingly, the Court should deny the Motion to Compel.

### III.   Conclusion

In sum, Respondents have attempted to resolve this issue without the Court's intervention and have made good faith efforts to comply with Petitioners' subpoenas as evidenced by the ample amount of documents already in Petitioners' possession. Accordingly, the Court should deny Petitioners' Motion to Compel because the remaining information is subject to a strict confidentiality provision contained in the Confidentiality Agreement between Springfield and Gaffney Cline, the Court has not yet ordered Respondents to produce the remaining documents, and Petitioners have failed to seek the requested information in other Ghanian proceedings despite the opportunity to do so.

For the foregoing reasons, Respondents respectfully ask the Court to deny Petitioners' Motion to Compel Discovery for use in Foreign Proceedings Under 28 U.S.C. § 1782.

Respectfully submitted, this the 28th day of November, 2022.

> By:  /s/ *Edwin S. Gault*
> Edwin S. Gault, Jr.
> State Bar No. 24049863
> FORMAN WATKINS & KRUTZ LLP
> P.O. Box 22608
> Jackson, Mississippi 39225-2608
> Telephone: (601) 960-8600
> Facsimile:  (601) 960-8613
> win.gault@formanwatkins.com
>
> *Attorney for Baker Hughes Company and Gaffney Cline & Associates*

7

## **CERTIFICATE OF SERVICE**

I, Edwin S. Gault, Jr., attorney for Baker Hughes Company and Gaffney Cline & Associates do hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all attorneys of record and/or interested parties via the Court's ECF system on this the day of 28th November, 2022.

*/s/ Edwin S. Gault, Jr.*
Edwin S. Gault, Jr.