**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ENI GHANA EXPLORATION AND PRODUCTION LTD., *et al.*,** | § | |
| | § | |
| **Petitioners,** | § | |
| | § | |
| **VS.** | § | **MISCELLANEOUS ACTION NO. 4:22-MC-01285** |
| | § | |
| | § | |
| **GAFFNEY CLINE & ASSOCIATES, INC., *et al.*,** | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**SPRINGFIELD EXPLORATION AND PRODUCTION LIMITED'S RESPONSE TO ALLEGATIONS OF MISREPRESENTATIONS TO GHANA COURT**

Springfield Exploration and Production Limited ("Springfield") hereby responds to this Court's April 26, 2024 Minute Entry order. First, Springfield will address allegations of misrepresentations in the Ghanaian court proceeding raised by Eni Ghana Exploration and Production Ltd. ("Eni"). Second, Springfield will address the Court's statements regarding potential sanctions.

Springfield acknowledges that its statement to the Ghana High Court that it was not a "party" to the case in this Court was misleading, albeit technically consistent with Ghana law.[1] Springfield sincerely regrets its error and will work to correct the record in Ghana as further discussed below. When it made the statement in the Ghanaian court proceeding, Springfield did not consult with any United States-based counsel. Neither its former counsel at Jackson Walker L.L.P. nor its recently engaged counsel at Burke Law Group, PLLC, reviewed the Response to Eni's Motion to Seal in the Ghana High Court, nor were they otherwise involved in the Ghana

[1] Declaration of N.O. Addae at ¶ 9–11.

proceedings. Had Springfield shown its Response to U.S. counsel, Springfield would have realized the potential confusion caused by differing legal terminology and usage in Ghana and the United States and then adjusted its language.

The other statements that Eni alleges to be misrepresentations are, in fact, disputed interpretations of Ghanaian rules governing discovery and the admission of evidence. The Ghana High Court, in its written Order ("Ghana Order"),[2] agreed with Springfield's legal arguments regarding Eni's "Motion on Notice for an Order of this Honourable Court to Seal Confidential Documents and Information and for Proceedings Relating to the Sealed Confidential Documents and Information to be Held in Camera" ("Motion to Seal").[3] Such non-frivolous disputes do not rise to the level of "egregious misconduct", "bad faith or willful abuse of the judicial process" required for the court to use its inherent power to sanction parties.[4]

## 1. The Alleged Misrepresentations

### A. Springfield will clarify to the Ghanaian court that it was an "intervenor" in this case, and thus a "party" to the proceeding.

Springfield takes responsibility for its misleading statement in the Ghana court that it was not a party to this case in the Southern District of Texas (the "Texas Proceedings"). As Mr. Addae, in-house counsel for Springfield, stated in his Declaration:

> Under Ghana law, it is, strictly speaking, legally accurate that Springfield is not considered a "party" to the Texas Proceedings because it was only an "intervenor." … However, with hindsight, **Springfield and I recognize that this distinction is pedantic and was potentially misleading. This argument should not have been included in the Ghanaian proceeding.**[5]

Springfield regrets the confusing nature of the statement and making the error.

[2] ECF No. 64-5.

[3] ECF No. 64-1.

[4] *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 219 (5th Cir. 2023).

[5] Declaration of N.O. Addae at ¶ 9 (emphasis added).

This statement caused no prejudice to Eni because the Ghana High Court did not rely on it in the Ghana Order. Though the Ghana Order noted Springfield's statement, the decision itself rested on two separate grounds, the two ways in which Eni had failed to follow the procedural requirements for using, admitting, or relying on certain documents under Ghana law. First, the Protective Order[6] was not registered and so it could not be recognized or enforced. Second, evidence cannot be admitted when it is not referenced in the pleadings.[7]

Springfield intends to correct the record in Ghana. Eni has filed a Notice of Appeal[8] of the Ghana Order, but the Ghana court has not yet issued a schedule. Springfield expects it will do so shortly. In his Declaration, Mr. Addae explained how Springfield will cure the error regarding its role in the Texas Proceedings:

> We cannot immediately correct the statement because there is no rule or procedure under Ghana law that allows a party to re-open a case that has been closed, solely to clarify a statement. We will correct the record in our written response to Eni's Appeal, in our supporting affidavit, or during a hearing, as soon as we are able.[9]

**B. The Ghana High Court's Order agreed with Springfield's interpretation of the law as to the other alleged misrepresentations.**

The remaining alleged misrepresentations are centered on procedural disputes about discovery and the admission of evidence in the Ghanaian court. Justice Doris Awuah Dabanka-Bekoe, in her Ghana Order, ruled that Springfield's position on the Motion to Seal was correct and that Eni's position was wrong. Springfield acknowledges that Eni views the legal and factual issues differently, but Springfield disagrees that Springfield has mischaracterized anything except the statement about its role in the Texas Proceedings.

[6] ECF No. 61.

[7] ECF No. 64-5, 5–6 and 4.

[8] ECF No. 64-6.

[9] Declaration of N.O. Addae at ¶ 11.

***Eni's Claim that it Did Not Attempt to "Enforce" the Protective Order in Ghana***

Eni alleges that Springfield mischaracterized Eni's Motion to Seal as an action to "enforce a foreign judgment".[10] First, the Ghana Order itself held that Eni was "seek[ing] an enforcement" of the Ex Parte Order and the Protective Order, so Springfield's statement was apparently not unreasonable. Second, Springfield's written opposition actually said Eni had failed to follow the procedural requirements for "*recognition* and enforcement" of the Ex Parte Order and Protective Order.[11] A fair reading of Eni's Motion to Seal shows that Eni was asking the Ghana court to implement or "enable[] fulfilment of the conditions for filing of GCA documents," which Eni itself said were provided in this Court's Protective Order.[12] The Ghanaian court's interpretation of the legal terms "enable," "enforce," or "recognize" should be credited, so Springfield's statement was not misleading.

***Eni's Claim that Gaffney Cline Documents Were Sufficiently Averred in Pleadings***

The Ghana Order concluded that the Gaffney, Cline & Associates ("GCA") documents, and their provenance, were not sufficiently described in the pleadings and thus did not grant Eni's Motion to Seal.[13] Justice Dabanka-Bekoe "studied the pleadings of the Parties before the Court".[14] She then held that Eni's Motion would be denied because the "request to admit facts… must be in relation to the case of the Applicant [Eni] as reflected in the pleadings before the Court," and the GCA documents and the Texas Proceedings were not appropriately included in the pleadings.[15] Eni may have an argument that the Ghanaian judge incorrectly applied Ghana's

---

[10] Motion to Modify, ECF No. 63 at 10.

[11] Springfield's Resp., ECF No. 64-4 at 8, ¶ 26 (emphasis added).

[12] Eni Written Submission, ECF No. 64-3 at 7, ¶¶ 23–25.

[13] Ghana Court Order, ECF No. 64-5 at 4 and 6.

[14] ECF No. 64-5 at 4.

[15] ECF No. 64-5 at 4.

court rules, but that disagreement in the Ghana proceedings does not mean Springfield "mischaracterized" Eni's position.

***Springfield Never Alleged that the Gaffney Cline Documents Were Irrelevant or Inauthentic***

Springfield's Response to the Motion to Seal never asserted that the GCA documents were not relevant to the substantive case.[16] Rather, Springfield argued that "parties are bound by their pleadings" and that Eni itself said that the "Request to Admit Facts contains information derived from the GCA Documents,"[17] not from the pleadings. Similarly, Springfield's argument that the GCA documents were "inadmissible" relates to how a party must authenticate evidence properly under Ghanaian court procedures.[18] Springfield was asking the court to require Eni to follow those rules and procedures.

## 2. POTENTIAL SANCTIONS

Courts have inherent powers to sanction a party, which "must be exercised with restraint and discretion."[19] The Fifth Circuit has said that it will uphold sanctions "only if clear and convincing evidence supports the court's finding of bad faith or willful abuse of the judicial process."[20] It is only the "most egregious misconduct" that warrants sanctions under a court's inherent powers.[21] For example, the fabrication of evidence supports a finding of fraud on the court, whereas "nondisclosure to the court of facts allegedly pertinent to the matter" is not as

[16] Springfield's Resp., ECF No. 64-4.

[17] ECF No. 64-4 at ¶ 41 (quoting Ghana case law); Eni's Affidavit ISO Motion to Seal, ECF No. 64-1 at 8, ¶ 26.

[18] ECF No. 64-4 at ¶¶ 30–33.

[19] *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th 206, 219 (5th Cir. 2023) (citation omitted).

[20] *In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014).

[21] *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.*, 68 F.4th at 219.

egregious.[22] Here, Springfield mistakenly mischaracterized its role in the Texas Proceedings, but has done nothing egregious.

**A. Springfield takes responsibility for the confusing "party" argument and will work to correct the record.**

When a party assures the court that the behavior will not reoccur and there has been no prejudice to the other party, or "any prejudice… has been, or will be cured," courts refrain from imposing sanctions.[23] Here, Springfield has recognized that its argument was "pedantic" and that it caused confusion. Springfield will correct the record in Eni's upcoming appeal of the Ghana Order.

**B. The Ghana High Court accepted Springfield's arguments, so the arguments cannot be deemed frivolous.**

Eni referred to Springfield's arguments—including the same ones on which the Ghana Order relied—as "mendacious," "cynical," and made in "rank bad faith".[24] But the Ghana High Court credited Springfield's arguments in opposition to Eni's Motion to Seal and denied Eni's Motion. It would be improper for this Court to determine that Springfield's arguments were so frivolous as to be made in bad faith when the Ghana court agreed with them.[25] Whether the Ghana Order was correctly decided or whether it will be overturned on appeal, "[a] foreign nation may limit discovery within its domain for reasons peculiar to its own legal practices,

---

[22] *Nat'l Oilwell Varco, L.P. v. Auto-Dril, Inc.,* 68 F.4th at 219 (quoting *Rozier v. Ford Motor Co.,* 573 F.2d 1332, 1338 (5th Cir. 1978)).

[23] *Julian v. City of Houston*, No. 4:12-CV-2973, 2014 WL 1385948, at *2 (S.D. Tex. Apr. 9, 2014).

[24] Motion to Modify, ECF No. 63 at 11, 15, 19 ("mendacious"); 14, 20, 21 ("cynical"); and 1, 14 ("rank bad faith").

[25] The Fifth Circuit explained that it is "difficult to comprehend" how a position or motion "could have been so harassing and frivolous as to warrant sanctions" if the court takes the same position. *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537–38 (5th Cir. 1990).

culture, or traditions," and "comparison of systems is slippery business".[26] A U.S. court should decline to characterize a foreign court's position on its own procedural rules as frivolous, let alone characterize such a position as made in bad faith, without much more support.

**C. There are no exceptional circumstances that warrant sanctions.**

Eni repeatedly characterizes Springfield as acting in bad faith. However, Springfield has only asked the Ghana court to require Eni to follow standard procedures. For example, Eni believes that "Springfield should have stipulated to Eni's request,"[27] whereas Springfield argued to the Ghanian court that the GCA documents must be authenticated under Sections 136 and 159 of Ghana's Evidence Act.[28]

Requiring an opposing party to follow procedure does not imply a bad faith attempt to harass, cause unnecessary delay, or increase costs. In *Sheets v. Yamaha Motors Corp.*, the Fifth Circuit held that sanctions against a foreign company were not appropriate, even though the company increased the plaintiff's costs by requiring service of process via the Hague Convention.[29] The company could have agreed to accept service, which would have saved several thousand dollars (adjusted for inflation) and time.[30] But the court held that it was reasonable for the defendant to insist on the proper procedure and overturned the sanctions imposed by the lower court.[31] Insisting upon proper procedure does not amount to sanctionable conduct.

---

[26] *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 263 and 263 n.15 (2004) (in the context of 28 U.S. § 1782 proceedings for discovery in foreign proceedings).

[27] Motion to Modify, ECF No. 63 at 15.

[28] Springfield's Resp., ECF No. 64-4 at ¶¶ 30–36.

[29] *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 538 (5th Cir. 1990).

[30] *Id.* at 535.

[31] *Id.* at 538.

* * * * *

Springfield regrets its error regarding its classification as a "party" to the Texas Proceedings and will correct the record in Ghana during Eni's upcoming appeal of the Ghana Order. The other allegations, though, point to discovery and evidentiary disputes under Ghanaian law. On these points, Justice Dabanka-Bekoe and the Ghana High Court agreed with Springfield's arguments and ruled against Eni. The alleged misrepresentations are certainly not examples of the kind of "bad faith or willful abuse of the judicial process" that would warrant sanctions. Where Springfield's arguments are clearly not frivolous and Springfield's alleged bad behavior amounts to asking the Ghana court to follow proper court procedure, sanctions are not appropriate.

Respectfully submitted,

/s/ Jill R. Carvalho
Jill R. Carvalho
Attorney-in-Charge
State Bar of TX: 24087266
S.D. Tex. ID: 2888436
**Burke Law Group PLLC**
1809 Pearl Street
Austin, TX 78701
T: (832) 987-2214
F: (832) 793-0056
Jill.Carvalho@burkegroup.law

***ATTORNEY-IN-CHARGE FOR INTERVENOR SPRINGFIELD EXPLORATION AND PRODUCTION LTD.***

**CERTIFICATE OF SERVICE**

This is to certify that on May 10, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Jill Carvalho*

Jill R. Carvalho